| | |
|---|---|
| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

BILLY DICKSON, §
§
    Petitioner, §
§
versus § CIVIL ACTION NO. 1:11-CV-567
§
M. MARTIN, §
§
    Respondent. §

**MEMORANDUM ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner Billy Dickson, an inmate confined at the Federal Correctional Complex in Beaumont, Texas, proceeding *pro se*, brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The court referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The magistrate judge recommends that the above-styled petition should be dismissed.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record, pleadings and all available evidence. Petitioner filed objections to the magistrate judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration, the court concludes Petitioner's objections should be overruled.

In support of his claims, Petitioner cites *Bond v. United States*, __ U.S. __, 131 S.Ct. 2355, 180 L.Ed.2d 269 (2011). In *Bond*, the Supreme Court held that a person convicted of a federal offense had standing to assert that Congress exceeded its power under the Tenth Amendment in

enacting the applicable criminal statute. The Supreme Court did not hold that such a claim could be raised in a § 2241 petition, and the Court did not invalidate any federal criminal statutes. *Blodgett v. Martin*, 2011 WL 6187097, at *1 (5th Cir. Dec. 14, 2011) (unpublished). Liberally construed, Petitioner's objections also assert that the writ of habeas corpus has been improperly suspended if relief is not available to him under 28 U.S.C. § 2255 or § 2241. This claim is without merit because the savings clause under § 2255 does not violate the Suspension Clause of the United States Constitution. *Wesson v. U.S. Penitentiary, Beaumont*, 305 F.3d 343, 346-47 (5th Cir. 2002). Thus, Petitioner's petition does not meet the criteria required to support a claim under the savings clause of 28 U.S.C. § 2255. *See Padilla v. United States*, 416 F.3d 424 (5th Cir. 2005); *Reyes-Requena v. United States*, 243 F.3d. 893 (5th Cir. 2001).

## ORDER

Accordingly, Petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct, and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendation.

SIGNED at Beaumont, Texas, this 25th day of April, 2012.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE